IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STAND UP FOR CALIFORNIA!, et al.,** <br><br> **Plaintiffs,** <br><br> v. <br><br><br> **UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,** <br><br> **Defendants.** | Civil Action No. 1:12-cv-02039-BAH <br><br> Honorable Beryl A. Howell |

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 201(b), Fed. R. Evid., Plaintiffs Stand Up For California!, Madera Ministerial Association, Rev. Randall Brannon, Rev. Dennis Sylvester, First Assembly of God-Madera, and Susan Stjerne (collectively "Plaintiffs") respectfully request that the Court take judicial notice of the following documents:

1. *H.R. 4893 to Amend Section 20 of the Indian Gaming Regulatory Act to Restrict Off-Reservation Gaming*, 109th Cong. 109-46 (April 4, 2006) (statement of Jacquie David-Van Huss, Tribal Secretary, North Fork Rancheria of Mono Indians of California) (attached as **Exhibit 1** to the Appendix of Evidence).

2. Petition for Writ of Certiorari in *U.S. Dept. of the Interior v. State of South Dakota*, No. 95-1956 (June 3, 1996), 1996 WL 34432929 (attached as **Exhibit 2** to the Appendix of Evidence).

3. Reply Brief for Federal Petitioners in Patchak v Salazar, Nos. 11-246 and 11-247 (filed Apr. 2012) (attached as **Exhibit 3** to the Appendix of Evidence).

4. An excerpt from the Federal Register: 31 Fed. Reg. 2911 (February 18, 1966) (attached as **Exhibit 4** to the Appendix of Evidence).

5. An excerpt from the Federal Register: 61 Fed. Reg. 18,082 (Apr. 24, 1996) (attached as **Exhibit 5** to the Appendix of Evidence).

6. An excerpt from the Federal Register: 73 Fed. Reg. 29,354 (May 20, 2008) (attached as **Exhibit 6** to the Appendix of Evidence).

7. An excerpt from the Federal Register: 77 Fed. Reg. 71,611 (Dec. 3, 2012) (attached as **Exhibit 7** to the Appendix of Evidence).

8. An excerpt from the 2010 United States Census showing that, as of 2010, the City of Madera had a population of 61,416 (attached as **Exhibit 8** to the Appendix of Evidence) (available at http://quickfacts. census.gov/qfd/states/06/0645022.html).

9. United States Government Accountability Office, letter to Hon. Conrad Burns and Hon. Byron L. Dorgan, United States Senate, and Hon. Charles H. Taylor and Hon. Norman D. Dicks, United States House of Representatives regarding Indian Issues: BLM's Program for Issuing Individual Indian Allotments on Public Lands Is No Longer Viable (October 20, 2006) (attached as **Exhibit 9** to the Appendix of Evidence).

## Argument in Support of Judicial Notice

Rule 201(b), Fed. R. Evid., provides that this Court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[*]

Judicial notice may be taken of public documents, such as public acts, legislative history, and court documents in separate legal proceedings. *See Village of DePue, Ill. v. Viacom Int'l,*

---

[*] Parties frequently invoke Rule 201 and judicial notice in the context of motions to dismiss, however, judicial notice is available in other contexts, including trial and preliminary injunction proceedings. *E.g.*, *Green v. Kennedy*, 309 F. Supp. 1127, 1134-35 (D.D.C. 1970) (in civil rights action, court judicially noticed certain tax benefits available for private schools that allegedly perpetuated segregation and granted motion for preliminary injunction).

*Inc.*, 713 F. Supp. 2d 774, 776 (C.D. Ill. 2010) ("Courts may judicially notice the reports of administrative bodies and documents contained in the public record."); *Munoz v. Bd. of Trustees of Univ. of D.C.*, 590 Supp. 2d 21, 25 n.3 (D.D.C. 2008) (holding that judicial notice may be taken of court records in separate legal proceedings); *Connecticut v. Spellings*, 453 F. Supp. 2d 459, 471 (D. Conn. 2006) ("The Court takes judicial notice of the fact that congressional funding has met or exceeded the foregoing amounts for the years in question."); *Korematsu v. United States*, 584 F. Supp. 1406, 1414 (N.D. Cal. 1984) (holding that "courts frequently take judicial notice of legislative history").

The documents referenced above should be judicially noticed because they are Congressional material, legislative history of federal acts, and records of legal proceedings. The content of these documents cannot be subject to a reasonable dispute and their accuracy cannot be questioned.

In addition, the "[C]ourt may take judicial notice of matters of a general public nature." *Gov't of Rwanda v. Rwanda Working Group*, 227 F. Supp. 2d 45, 60 n.6 (D.D.C. 2002) (taking judicial notice of a newspaper article); *Foster Poultry Farms v. Alkar-Rapidpak-MD Equipment, Inc.*, 868 F. Supp. 983, 990-91 (E.D. Cal. 2012) (on motion to dismiss, taking judicial notice of a copy of a letter to defendant's sales representative). All of the documents here are subject to judicial notice as "matters of a general public nature" because they relate to the historical tribal status of the North Fork Rancheria of Mono Indians and the Secretary's decision to take urban land in Madera County, California into trust for the North Fork Tribe.

For the foregoing reasons, this Court should take judicial notice of each of the documents described above and consider them in ruling on the Plaintiffs' Motion for Preliminary Injunction.

Dated: January 11, 2013

By: /s/ Sean M. Sherlock
/s/ Benjamin S. Sharp

Benjamin S. Sharp (D.C. 211623)
Elisabeth C. Frost (D.C. 1007632)
PERKINS COIE, LLP
700 Thirteenth Street, N.W.
Suite 600
Washington, D.C.  20005-3960
Telephone:   202.654.6200
Facsimile:    202.654.6211
BSharp@perkinscoie.com
EFrost@perkinscoie.com

Heidi McNeil Staudenmaier
(*Admitted Pro Hac Vice*)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
Telephone:  602.382.6366
Facsimile:  602.382.6070
HStaudenmaier@swlaw.com

Sean M. Sherlock
(*Admitted Pro Hac Vice*)
Harsh P. Parikh
(*Admitted Pro Hac Vice*)
SNELL & WILMER L.L.P.
Plaza Tower
600 Anton Boulevard
Suite 1400
Costa Mesa, California 92626
Telephone: 714.427.7000
Facsimile: 714.427.7799
ssherlock@swlaw.com
hparikh@swlaw.com

***Attorneys for Plaintiffs Stand Up For California!, Randall Brannon, Madera Ministerial Association, Susan Stjerne, First Assembly of God–Madera, and Dennis Sylvester***