# **EXHIBIT 5**



**18082** Federal Register / Vol. 61, No. 80 / Wednesday, April 24, 1996 / Rules and Regulations

Authority: Secs. 512, 701 of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 360b, 371).

### § 558.58 [Amended]

2. Section 558.58 *Amprolium and ethopabate* is amended in the table in paragraph (d)(1), in the entry for (iii), under the "Limitations" and the "Sponsor" columns by removing "010042" wherever it appears and adding in its place "000004".

### § 558.78 [Amended]

3. Section 558.78 *Bacitracin zinc* is amended in paragraph (a)(2), and in the table in paragraph (d)(1) in the entries for (i), (ii), (v), and (vi) under the "Sponsor" column, and in paragraph (d)(2)(ii) by removing "010042" and adding in its place "000004".

### § 558.95 [Amended]

4. Section 558.95 *Bambermycins* is amended in paragraph (b)(1)(xiii)(*b*) by removing "(e)(1)(vii)(*b*)" and adding in its place "(b)(1)(vii)(*b*)".

### § 558.120 [Amended]

5. Section 558.120 *Carbarsone (not U.S.P.)* is amended in paragraph (c)(1)(iii)(*b*) by removing "010042" and adding in its place "000004".

### § 558.128 [Amended]

6. Section 558.128 *Chlortetracycline* is amended in paragraph (a) by removing "010042" and adding in its place "000004".

### § 558.145 [Amended]

7. Section 558.145 *Chlortetracycline, procaine penicillin, and sulfamethazine* is amended in paragraphs (a)(1) and (a)(2) by removing "010042" and adding in its place "000004".

### § 558.340 [Amended]

8. Section 558.340 *Maduramicin ammonium* is amended in paragraph (a) by removing "010042" and adding in its place "000004".

### § 558.355 [Amended]

9. Section 558.355 is amended in paragraphs (b)(8), (b)(9), (f)(1)(iv)(*b*), (f)(1)(v)(*b*), (f)(1)(xiv)(*b*), (f)(1)(xv)(*b*), and (f)(1)(xvi)(*b*) by removing "010042" and adding in its place "000004", in paragraph (b)(9) by removing ", (xvi), and (xvii)" and adding in its place "and (xvi)", and by adding paragraph (b)(10) to read as follows:

### § 558.355 Monensin.

\* \* \* \* \*

(b) \* \* \*

(10) To 012799: 45 and 60 grams per pound, as monensin sodium, paragraph (f)(1)(xvii) of this section.

\* \* \* \* \*

### § 558.515 [Amended]

10. Section 558.515 *Robenidine hydrochloride* is amended in paragraphs (a), (d)(1)(iii)(*b*), (d)(1)(iv)(*b*), and (d)(1)(v)(*b*) by removing "010042" and adding in its place "000004" and in paragraph (d)(1)(vi)(*b*) by removing "No. 011716" and adding in its place "Nos. 000004 and 011716".

### § 558.550 [Amended]

11. Section 558.550 *Salinomycin* is amended in paragraphs (b)(1)(vii)(*c*), (b)(1)(ix)(*c*), (b)(1)(xv)(*c*), and (b)(1)(xvi)(*c*) by removing "010042" and adding in its place "000004".

### § 558.582 [Amended]

12. Section 558.582 *Sulfamerazine* is amended in paragraph (a) by removing "010042" and adding in its place "000004".

Dated: April 4, 1996.

**Robert C. Livingston,**
*Director, Office of New Animal Drug Evaluation, Center for Veterinary Medicine.*
[FR Doc. 96–10019 Filed 4–23–96; 8:45 am]
**BILLING CODE 4160–01–F**

---

## DEPARTMENT OF THE INTERIOR

### Bureau of Indian Affairs

### 25 CFR Part 151

[1076–AD65]

### Land Acquisitions

**AGENCY:** Bureau of Indian Affairs, Interior.

**ACTION:** Final Rule.

**SUMMARY:** This rule establishes a 30-day waiting period after final administrative decisions to acquire land into trust under the Indian Reorganization Act and other federal statutes. The Department is establishing this waiting period so that parties seeking review of final decisions by the Interior Board of Indian Appeals or of decisions of the Assistant Secretary-Indian Affairs, will have notice of administrative decisions to take land into trust before title is actually transferred. This notice allows interested parties to seek judicial or other review under the Administrative Procedure Act and applicable regulations.

**EFFECTIVE DATE:** April 24, 1996.

**FOR FURTHER INFORMATION CONTACT:** Mary Jane Sheppard, Staff Attorney, Office of the Solicitor, Division of Indian Affairs, Room 6456, Main Interior Building, 1849 C Street, NW, Washington, DC 20240; Telephone (202) 208–6260.

**SUPPLEMENTARY INFORMATION:** On July 15, 1991, the proposed rule for off-reservation land acquisitions for Indian tribes was published in the **Federal Register** (56 FR 32278–32280). On June 23, 1995, the final rule was published at 60 FR 32878. That rulemaking supplemented the existing regulations in part 151. This procedural rule adds a subsection to existing 25 CFR 151.12, Action on requests.

### Background

In response to a recent court decision, *State of South Dakota* v. *U.S. Department of the Interior*, 69 F.3d 878 (8th Cir. 1995), the Department of the Interior is establishing a procedure to ensure the opportunity for judicial review of administrative decisions to acquire title to lands in trust for Indian tribes and individual Indians under section 5 of the Indian Reorganization Act (IRA) (Pub. L. 73–383, 48 Stat. 984–988, 25 U.S.C. 465). Following consideration of the factors in the current regulations and completion of the title examination, the Department, through **Federal Register** notice, or other notice to affected members of the public, will announce any final administrative determination to take land in trust. The Secretary will not acquire title to the land in trust until at least 30 days after publication of the announcement. This procedure permits judicial review before transfer of title to the United States. The Quiet Title Act (QTA), 28 U.S.C. 2409a, precludes judicial review after the United States acquires title. See, *e.g.*, *United States* v. *Mottaz*, 476 U.S. 834 (1986); *North Dakota* v. *Block*, 461 U.S. 273 (1983); *Florida* v. *Department of Interior*, 768 F.2d 1248 (11th Cir. 1985).

Section 5 of the IRA authorizes the Secretary to acquire land in trust for Indians and Indian tribes: (1) Within or adjacent to an Indian reservation; or (2) for purposes of facilitating tribal self-determination, economic development, or Indian housing. *State of South Dakota*, a case involving an off-reservation trust land acquisition, held Section 5 of the IRA unconstitutional on the ground that it violates the nondelegation doctrine. The court's decision was based in substantial part on the understanding that judicial review is not available to challenge the Secretary's action. The court noted that "judicial review is a factor weighing in favor of upholding a statute against a nondelegation challenge." This rule ensures that such review is available before formal conveyance of title to land to the United States, when the QTA's bar to judicial review becomes operative. Judicial review is available

under the APA because the IRA does not preclude judicial review and the agency action is not committed to agency discretion by law within the meaning of the APA.

While the Eighth Circuit decision precludes the Secretary from taking into trust the land at issue in that particular case, new trust acquisitions will be made on a case-by-case basis. The procedure announced in today's rule, however, will apply to all pending and future trust acquisitions.

The Department certifies that this procedural rule meets the standards provided in Sections 2(a) and 2(b)(2) of Executive Order 12778.

The Department has determined that this rule:
—Does not have significant federalism effects.
—Will not have significant economic impact on a substantial number of small entities under the Regulatory Flexibility Act (5 U.S.C. 601 et seq.).
—Does not have significant takings implications under E.O. 12630.
—Does not have significant effects on the economy, nor will it result in increases in costs or prices for consumers, individual industries, Federal, State, or local governments, agencies, or geographical regions.
—Does not have any adverse effects on competition, employment, investment, productivity, innovation, or the export/import market.
—Is categorically excluded from the National Environmental Policy Act of 1969 because it is of an administrative, technical, and procedural nature. Therefore, neither an environmental assessment nor an environmental impact statement is warranted.

This rule is not a significant rule under E.O. 12866 and does not require approval by the Office of Management and Budget.

This rule is not a major rule as defined in 5 U.S.C. 804. The annual number of tribal requests to place lands in trust is small. There will be costs incurred by a party seeking judicial review. The author of this rule is: Mary Jane Sheppard, Office of the Solicitor, U.S. Department of the Interior.

Because this is a procedural rule under Section 553(b)(3)(A) of the Administrative Procedure Act (APA), 5 U.S.C. 551 et seq., it is exempt from requirements for notice and comment rulemaking.

List of Subjects in 25 CFR Part 151

Indians—lands.

For reasons set out in the preamble, Part 151 of Title 25, Chapter I of the Code of Federal Regulations is amended as set forth below.

PART 151—LAND ACQUISITIONS (NONGAMING)

1. The authority for part 151 continues to read as follows:

Authority: R.S. 161: 5 U.S.C. 301. Interpret or apply 46 Stat. 1106, as amended; 46 Stat. 1471, as amended; 48 Stat. 985, as amended; 49 Stat. 1967, as amended, 53 Stat. 1129; 63 Stat. 605; 69 Stat. 392, as amended; 70 Stat. 290, as amended; 70 Stat. 626; 75 Stat. 505; 77 Stat. 349; 78 Stat. 389; 78 Stat. 747; 82 Stat. 174, as amended, 82 Stat. 884; 84 Stat. 120; 84 Stat. 1874; 86 Stat. 216; 86 Stat. 530; 86 Stat. 744; 88 Stat. 78; 88 Stat. 81; 88 Stat. 1716; 88 Stat. 2203; 88 Stat. 2207; 25 U.S.C. 2, 9, 409a, 450h, 451, 464, 465, 487, 488, 489, 501, 502, 573, 574, 576, 608, 608a, 610, 610a, 622, 624, 640d–10, 1466, 1495, and other authorizing acts.

2. Section 151.12, Action on requests, is amended by designating the existing text as paragraph (a) and by adding a new paragraph (b) to read as follows:

§ 151.12 Title examination.
* * * * *

(b) Following completion of the Title Examination provided in § 151.13 of this part and the exhaustion of any administrative remedies, the Secretary shall publish in the **Federal Register**, or in a newspaper of general circulation serving the affected area a notice of his/her decision to take land into trust under this part. The notice will state that a final agency determination to take land in trust has been made and that the Secretary shall acquire title in the name of the United States no sooner than 30 days after the notice is published.

Dated: April 17, 1996.

Ada E. Deer,
*Assistant Secretary, Indian Affairs.*
[FR Doc. 96–9922 Filed 4–29–96; 8:45 am]
BILLING CODE 4310–02–M

DEPARTMENT OF DEFENSE

Office of the Secretary

32 CFR Parts 375 and 379

Organizational Charter; Removal of Parts

AGENCY: Department of Defense.
ACTION: Final rule.

SUMMARY: This document removes Department of Defense's organizational charters on the Assistant to the Secretary of Defense (Public Affairs) and the Assistant to the Secretary of Defense (Atomic Energy) (ATSD(AE)) codified in the CFR. The parts have served the purpose for which they were intended in the CFR and are no longer necessary.

EFFECTIVE DATE: April 24, 1996.

FOR FURTHER INFORMATION CONTACT: L. Bynum or P. Toppings, 703–697–4111.

SUPPLEMENTARY INFORMATION: DoD Directive 5122.5 (32 CFR part 375) has been revised. A change was issued to DoD Directive 5134.8 (32 CFR part 379), changing the organizational name from "Assistant to the Secretary of Defense for Atomic Energy (ATSD(AE))" to "Assistant to the Secretary of Defense for Nuclear and Chemical and Biological Defense Programs (ATSD(NSB))". Copies of the basic Directives and changes thereto may be obtained from the National Technical Information Service (NTIS), 5285 Port Royal Road, Springfield, VA 22161.

List of Subjects in 32 CFR Parts 375 and 379

Organization and functions.

PARTS 375 AND 379—[REMOVED]

Accordingly, by the authority of 10 U.S.C. 301, 32 CFR parts 375 and 379 are removed.

Dated: April 19, 1996.

L.M. Bynum,
*Alternate OSD Federal Register Liaison Officer, Department of Defense.*
[FR Doc. 96–9994 Filed 4–23–96; 8:45 am]
BILLING CODE 5000–04–M

ENVIRONMENTAL PROTECTION AGENCY

40 CFR Part 70

[AD–FRL–5460–9]

Clean Air Act Final Interim Approval of the Federal Operating Permits Program; San Joaquin Valley Unified Air Pollution Control District

AGENCY: Environmental Protection Agency (EPA).
ACTION: Final Interim Approval.

SUMMARY: The EPA is promulgating interim approval of the Operating Permits Program submitted by the California Air Resources Board on behalf of the San Joaquin Valley Unified Air Pollution Control District for the purpose of complying with Federal requirements which mandate that States develop, and submit to EPA, programs for issuing operating permits to all major stationary sources, and to certain other sources.

EFFECTIVE DATE: May 24, 1996.

ADDRESSES: Copies of the District's submittal and other supporting