IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STAND UP FOR CALIFORNIA!, et al.,

        Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, et al.,

        Defendants.

Civil Action No. 1:12-cv-02039-BAH

  Consolidated with:
  Civil Action No. 1:12-CV-02071-BAH

Honorable Beryl A. Howell

PICAYUNE RANCHERIA OF THE
CHUKCHANSI INDIANS,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### I.

### INTRODUCTION

This action challenges the decision of the Secretary of the Interior (the "Secretary" or "DOI") to take certain land (the "Madera Site") into trust on behalf of the North Fork Rancheria of Mono Indians ("North Fork Tribe" or the "Tribe") for a casino. Plaintiffs oppose the Secretary's controversial decision to approve the development of a tribal casino approximately forty miles from the Tribe's Rancheria. On December 3, 2012, when the Secretary announced his intent to take the Madera Site into trust, plaintiffs needed to move quickly to file this action and

immediately seek a preliminary injunction to enjoin the Secretary from completing the fee-to-trust transfer.  Plaintiffs did not, at that time, have an opportunity to fully evaluate the potential meritorious claims available to them.

Additionally, plaintiffs did not have the administrative record available to them until April 29, 2013.  Upon conducting further research and review of the administrative record, plaintiffs have discovered additional bases for their action.  Specifically, plaintiffs assert that the Governor of California lacked authority to concur in the Secretary's two-part determination, and thus, his concurrence and the Secretary's action upon that concurrence are null and void. Additionally, plaintiffs assert that the Secretary violated the federal Clean Air Act by failing to make a proper "conformity determination" under section 176 of the Clean Air Act and the regulations promulgated thereunder.

Plaintiffs now seek leave of this Court to file an amended complaint raising these additional allegations and claims. Plaintiffs also seek to drop their original second claim for relief for violation of the Administrative Procedures Act, and to make minor clarifications to their original claims for relief.  Plaintiffs attach to their motion as Exhibit B a redline illustrating the proposed amendments.

Plaintiffs' motion should be granted for the following reasons:

1. Leave to amend under Federal Rule of Civil Procedure 15(a) should be liberally granted when, as in this case, the interests of justice so require. Leave of this Court is necessary to avoid depriving plaintiffs of these meritorious claims.  Because the proposed additional claims for relief arise out of the same transaction or occurrence, plaintiffs must raise these claims in this action or will likely be barred from bringing them later.

2. Plaintiffs' motion to amend their complaint is timely. Plaintiffs began the meet and confer process for this motion by sending defendants' counsel a redline illustrating the proposed changes on May 31, 2013 – more than four months prior to the deadline for plaintiffs to file their motions for summary judgment.

3.      Plaintiff's amended complaint will not unduly prejudice defendants, because defendants cannot contend that they have altered their position in reliance on plaintiffs' failure to raise these allegations in the original complaint.  Further, the new issues raised by the proposed First Amended Complaint may be resolved either purely as a matter of law, or upon the administrative record.[1]

## II.

### STATEMENT OF FACTS

On December 3, 2012, the Secretary published in the Federal Register notice of his intention to transfer the Madera Site into trust on January 3, 2013.  [*See* 77 Fed. Reg. 71,611 (Dec. 3, 2012).]  Plaintiffs feared that the transfer prior to resolution of any challenge they brought jeopardized their ability to obtain relief. Thus, although claims under the APA are subject to a six-year statute of limitation, plaintiffs had no time to spare in filing their complaint and seeking preliminary injunctive relief.  [Declaration of Sean M. Sherlock (Sherlock Decl.), ¶3.]  Consequently, plaintiffs did not have an opportunity to exhaustively research and prepare all possible meritorious claims. [Sherlock Decl., ¶3.]  Plaintiffs filed their original complaint with this Court on December 19, 2012, and their motion for preliminary injunction to enjoin the fee-to-trust transfer on January 11, 2013. [Docket 1, at p. 1, Docket 26, at p. 1.]  This Court denied plaintiffs' motion for preliminary injunction on January 29, 2013. [Docket 41., at p. 1.]  Following the denial of interim relief and while awaiting the completion of the administrative record, plaintiffs researched and evaluated additional meritorious grounds for their claim under

---

[1] Plaintiffs do not wish to suggest or concede that the existing administrative record, filed April 26, 2013, is complete.  Plaintiffs have been conferring with counsel for the federal defendants regarding apparent deficiencies in the administrative record, some of which are relevant to the issues raised in the proposed First Amended Complaint – e.g., the absence from the administrative record of notices required under U.S. EPA's regulations promulgated under Clean Air Act section 176, 42 U.S.C. §7506. [Sherlock Decl., ¶7.]  Because defendants were required to comply with Clean Air Act section 176, and because defendants' administrative record does in fact contain the agency's conformity determination under section 176, these notices must be included in the administrative record, if they exist.  On May 16, 2013, plaintiffs began conferring with the federal defendants under Local Civil Rule 7(m) to resolve these deficiencies in the record, and plaintiffs will bring a motion to supplement the administrative record if they are not able to resolve these issues with defendants. [Sherlock Decl., ¶7.]

the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §2701 et seq. [Sherlock Decl., ¶4.]
Further, upon reviewing the administrative record delivered by defendants on April 29, 2013,
plaintiffs discovered omissions from the record giving rise to claims for violation of Section 176
of the Clean Air Act. 42 U.S.C. §7506. [Sherlock Decl., ¶6.]

Pursuant to Local Civil Rule 7(m) plaintiffs began conferring with defendants about this
motion on May 31, 2013, by sending defendants' counsel a redline illustrating the changes
plaintiffs propose in the First Amended Complaint, and seeking defendants' stipulation to file the
proposed First Amended Complaint. [Sherlock Decl., ¶8.] Following further efforts to confer, on
June 11, 2013, counsel for federal defendants notified plaintiffs that they do not oppose this
motion, subject to their reservation of all defenses to the claims and allegations in the proposed
First Amended Complaint. On June 12, 2013, counsel for the North Fork Rancheria of Mono
Indians ("North Fork Tribe") notified plaintiffs' counsel that they do not oppose this motion,
subject to certain conditions, but those conditions are not acceptable to plaintiffs. Accordingly,
plaintiffs believe that the North Fork Tribe will oppose this motion. [Sherlock Decl., ¶10.]

### III.

### LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may
amend its pleadings after obtaining leave of court, which "shall be freely given when justice so
requires." Fed. R. Civ. P. 15(a). Federal courts construe Rule 15(a) liberally, finding that
purpose of the rule is to "'facilitate a decision on the merits' not to set the stage for 'a game of
skill in which one misstep by counsel may be decisive to the outcome.'" *Morgan v. F.A.A.*, 262
F.R.D. 5, 8 (D.D.C. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The D.C. Circuit
has stated, "Absent 'undue delay, bad faith or dilatory motive on the part of the movant,
repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the
opposing party by virtue of allowance of the amendment, futility of amendment, etc.,' a court
should grant a request to amend a complaint." *Atchinson v. District of Columbia*, 73 F.3d 418,

425-26 (D.C. Cir. 1996). The burden is on the party opposing the amendment to demonstrate why the amendment should not be permitted. *See Foman*, 371 U.S. at 182.

## IV.

## ARGUMENT

In the D.C. Circuit, "delay without [undue] prejudice is . . . insufficient to justify denial of leave to amend." *Dove v. Washington Metro. Area Transit Auth.,* 221 F.R.D. 246, 249 (D.D.C. 2004) (citing *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1999).   In this Circuit, "[u]ndue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (internal quotation marks omitted).

Plaintiffs are acting in a timely manner in moving for leave to amend their complaint. In quickly preparing their original complaint and motion for preliminary injunction without a complete administrative record, plaintiffs lacked the opportunity to adequately develop all substantive and meritorious claims for relief. Upon discovering such claims and understanding that such claims are part of the same transaction or occurrence, plaintiffs worked diligently conducting research and preparing the proposed First Amended Complaint, attached to plaintiffs' motion as Exhibit A.

A.    **The Proposed Amendment for Violation of the IGRA Will Not Cause Undue Prejudice**

Under Section 20 of the IGRA, gambling is prohibited on land taken into trust after October 17, 1988, subject to certain limited exceptions. Under the "Secretarial Determination" or "two-part test" exception invoked by the Secretary in this case, class III gaming cannot occur unless the "Governor of the State in which the gaming activity is to be conducted concurs in the Secretary's determination."   25 U.S.C. § 2719(b)(1)(A). Plaintiffs now allege that the Governor

of California lacked the authority under state law to concur in the Secretary's determination.[2]

Plaintiffs' seek to amend their complaint to allege that because the Governor lacked the authority

to concur under California law, the concurrence is null and void, and the Secretary's decision to

transfer the Madera Site into trust was arbitrary, capricious, an abuse of discretion, and issued in

violation of the law. Because the proposed amendment for violation of the IGRA involves purely

legal issues, it will not unduly prejudice the defendants by depriving them of the opportunity to

present facts or evidence that they would otherwise presented had plaintiffs included these new

allegations and claims in their original complaint.

> **B.    The Proposed Amendment for Violation of the Clean Air Act Will Not Cause Undue Prejudice**

Section 176 of the federal Clean Air Act required defendants to determine that the

proposed project conforms to the State of California's approved State Implementation Plan under

the Clean Air Act.  42 U.S.C. §7506(c). Regulations adopted by the United States Environmental

Protection Agency prescribe the process and standards by which defendants were required to

make their conformity determination. 42 U.S.C. §7506(c)(4)(A); 40 C.F.R. §§93.150-93.165.

Upon their review of the administrative record, plaintiffs discovered that defendants' failed to

comply with section 176 and the EPA regulations in several respects set forth in detail in the

proposed First Amended Complaint. [Sherlock Decl., ¶6.]  Plaintiffs had no opportunity to

discover these deficiencies until after completing their review of the administrative record.

[Sherlock Decl., ¶6.]

Upon reviewing the administrative record, plaintiffs' counsel discovered that the record

lacked some of the documents needed to demonstrate defendants' compliance with section 176.

Specifically, certain public notices required by the EPA regulations were missing, and a traffic

model from which defendants derived their 12.6-mile trip length assumption used in estimating

---

[2] On March 29, 2013, Stand Up for California! and Barbara Leach filed a complaint in California Superior Court for the County of Madera alleging that the defendant Governor of California lacked the authority under state law to concur and in so doing violated the California Constitution's separation of power doctrine. The Governor has demurred to plaintiffs' complaint, and a hearing on the demurrer is scheduled for July 16, 2013.

air pollutant emissions was missing. [Sherlock Decl., ¶6.]  On May 16, 2013, plaintiffs' counsel began conferring with defendants' counsel to determine whether the missing documents existed, and if so, to have them added to the administrative record. [Sherlock Decl., ¶7.] Based on the parties' discussions, plaintiffs still do not know whether the documents exist, and are not satisfied that defendants complied with Section 176 of the Clean Air Act.

Because defendants prepared the administrative record, they cannot be unduly prejudiced by anything plaintiffs have discovered from the record. Plaintiffs' proposed amendment will not deprive the defendants of the opportunity to present facts or evidence. Therefore, plaintiffs' amendments will cause no undue prejudice.

## V.

### CONCLUSION

For the foregoing reasons, leave to file the First Amended Complaint is appropriate and should be granted.

Dated:  June 12, 2013

By: */s/ Sean M. Sherlock*
    */s/ Benjamin S. Sharp*

Benjamin S. Sharp (D.C. 211623)
Elisabeth C. Frost (D.C. 1007632)
PERKINS COIE, LLP
700 Thirteenth Street, N.W.
Suite 600
Washington, D.C.  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211
BSharp@perkinscoie.com
EFrost@perkinscoie.com

Heidi McNeil Staudenmaier
(*Admitted Pro Hac Vice*)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
Telephone:  602.382.6366
Facsimile:  602.382.6070
HStaudenmaier@swlaw.com

Sean M. Sherlock
(*Admitted Pro Hac Vice*)
Harsh P. Parikh
(*Admitted Pro Hac Vice*)
SNELL & WILMER L.L.P.
Plaza Tower
600 Anton Boulevard
Suite 1400
Costa Mesa, California 92626
Telephone: 714.427.7000
Facsimile: 714.427.7799
ssherlock@swlaw.com
hparikh@swlaw.com

***Attorneys for Plaintiffs Stand Up For
California!, Randall Brannon, Madera
Ministerial Association, Susan Stjerne,
First Assembly of God–Madera, and
Dennis Sylvester***

17054740.3